# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43726

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 421 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 29, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| PHILLIP MILTON RUGGIERO, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction, affirmed.

Bublitz Law, P.C.; Jessica B. Bublitz, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Phillip Milton Ruggiero appeals from his judgment of conviction for preparing false evidence. Ruggiero raises two issues on appeal. First, Ruggiero argues the district court abused its discretion in admitting into evidence letters purportedly written by the victim, but actually written by Ruggiero, because the State did not establish an adequate foundation. Second, Ruggiero argues the district court erred in admitting witness testimony regarding his past stalking charge. The State argues there was adequate foundation for the admission of the letters and Ruggiero did not preserve the argument on appeal that the district court erroneously admitted testimony. Even if Ruggiero's arguments were preserved, the State asserts the testimony regarding Ruggiero's past stalking charge was relevant and the district court properly balanced the probative value against the danger of unfair prejudice as required by Idaho Rule of Evidence 403. Finally, the State argues that even if the district court erred in admitting testimony of Ruggiero's past stalking charge, such error was harmless. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ruggiero was charged in a separate case with misdemeanor stalking. The magistrate assigned to that case received three typewritten letters, one purported to be from the alleged stalking victim, and the other two letters purported to be from two other people. Each letter supported the proposition that Ruggiero was not guilty of the stalking charge. As a result, Ruggiero was charged in this case with three counts of preparing false evidence in violation of Idaho Code § 18-2602.

Ruggiero filed a motion to dismiss, arguing there was not substantial evidence presented at the preliminary hearing that he committed the alleged crimes. After a hearing, the district court granted the motion to dismiss. The State appealed, and the Supreme Court reversed the district court's order dismissing the charges. *State v. Ruggiero*, 156 Idaho 662, 330 P.3d 408 (2014).

Upon remand, the case was set for trial. Prior to trial, the State filed a notice pursuant to I.R.E. 404(b) which stated: "The State intends to admit evidence of the underlying criminal charge to provide context of [Ruggiero's] intent and motive to the jury. The State does not oppose a limiting instruction that the jury may only consider the evidence for proof of motive and intent." At the hearing on the State's notice, the State specified it intended to establish the elements of the underlying case "to the extent necessary." The district court recognized the only way to prove falsifying evidence was to establish there was an underlying charge. The district court stated: "I'm not even sure it's necessary to treat this as a 404(b)," and further noted "there's utterly no way to avoid this. It's part of the charge itself. It is essential." Ruggiero made no objection at the I.R.E. 404(b) hearing, and he did not file a written response to the State's I.R.E. 404(b) notice.

At trial, Ruggiero made an oral motion in limine to exclude testimony from the prosecutor of the misdemeanor case, arguing the prosecutor's testimony was not relevant to prove an element of the crime--that Ruggiero intended to produce the letters as evidence or allow them to be produced in the misdemeanor case. Ruggiero also argued that the prosecutor's testimony would be prejudicial and confuse the jury. The district court denied the motion in limine finding the prosecutor's testimony was relevant to establish there was a proceeding or inquiry authorized by law, which is an element of the offense. The district court also found

2

evidence regarding intent to publish for a fraudulent or deceitful purpose would be relevant, and the prosecutor could supply context as to what the proceeding was and how the letters could have affected that proceeding.

Five witnesses testified at Ruggiero's trial for falsifying evidence. The prosecutor from the misdemeanor stalking case testified she had prosecuted Ruggiero for second degree stalking. The magistrate assigned to that misdemeanor case testified the charge was a second degree stalking case, memorable for being "Jerry Springer-ish." Ruggiero's ex-wife testified Ruggiero owned a typewriter and she witnessed Ruggiero typing documents during the relevant time period. Ruggiero's ex-wife also testified she specifically saw the letter admitted by the State which was purported to be from the victim, and she had observed Ruggiero spray perfume on the letter to make it "smell like a female." The detective who interrogated Ruggiero about the letters testified Ruggiero acknowledged he wrote the letters to get out of trouble. The victim of the stalking case also testified, describing Ruggiero's conduct that resulted in her filing a police report and the subsequent second degree stalking charge.

During the falsifying evidence trial, the judge admitted the letters into evidence subject to being stricken. After the State rested its case, Ruggiero moved to strike the letters, arguing there was insufficient foundation laid to admit the letters. The district court held, "I think the foundation for a letter, for a unique document, can be provided by circumstantial evidence. And I think the fact that it's aimed at side-railing a particular case is sufficient. So I am removing the restrictions. The exhibits are admitted without limitation." Ruggiero was convicted of three felony counts of preparing false evidence in violation of I.C. § 18-2602. Ruggiero timely appeals.

## II.

## ANALYSIS

Ruggiero raises two issues on appeal. First, Ruggiero argues the district court abused its discretion in admitting the letters into evidence because there was insufficient foundation for the letters. Second, Ruggiero argues the trial court erred in allowing witnesses to testify regarding Ruggiero's past stalking charge without performing the balancing test required under I.R.E. 403.

**A.    The District Court Did Not Abuse Its Discretion in Admitting the Letters Into Evidence**

Ruggiero argues the district court improperly admitted the letters without adequate foundation because there was insufficient evidence to show a connection between Ruggiero and the letters.  The State argues that because proving the letters were submitted to the judge in Ruggiero's misdemeanor case was an element of the offense, the testimony of the magistrate and the prosecutor who participated in the misdemeanor case was sufficient to lay foundation for admission of the three letters.  Alternatively, the State contends that even if it was required to establish that Ruggiero was the author of the letters, the testimony from Ruggiero's ex-wife, the victim of the stalking case, and the detective provided sufficient foundation.

Ruggiero correctly recognized in his briefing that whether there is a proper foundation upon which to admit evidence is a matter within the trial court's discretion.  The applicable appellate standard of review, however, requires the appellate court to conduct a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).  Failure to address this multi-tiered inquiry is "fatally deficient" to the party's case.  *State v. Kralovec*, ___ Idaho ___ n.2, ___ P.3d ___ n.2 (Jan. 23, 2017); *see also Cummings v. Stephens*, 160 Idaho 847, 855, 380 P.3d 168, 174 (2016).  Here, Ruggiero failed to address the multi-tiered inquiry required for appellate review of a claim of abuse of discretion.  Ruggiero did not provide the relevant standard of appellate review and similarly failed to identify which prong he alleges the district court violated.  Nonetheless, it appears Ruggiero is arguing the trial court violated the second prong of the *Hedger* analysis, when he argues the trial court erroneously admitted letters which had not been authenticated and lacked sufficient foundation.  As such, we will address the claim.

Idaho Rules of Evidence require "authentication or identification as a condition precedent to admissibility," which "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  I.R.E. 901(a).  Idaho Rule of Evidence 901(b) contains an illustrative, but not exhaustive, list of suggested methods of identification, such as "[t]estimony of a witness with knowledge that a matter is what it is claimed to be" or examination of the evidence's "distinctive characteristics and the like," including "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction

4

with circumstances." I.R.E. 901(b)(1), (4). Whether there is a proper foundation upon which to admit evidence is a matter within the trial court's discretion. *Harris*, 151 Idaho at 770, 264 P.3d at 409.

Here, the magistrate testified the three letters being offered into evidence were the same letters he received in Ruggiero's stalking case. The prosecutor also testified the letter marked as State's Exhibit 1 was one of the letters she received in Ruggiero's stalking case. Thus, an adequate foundation was laid for the admission of the letters because the testimony was sufficient to show the letters were connected to the alleged criminal behavior that formed the basis of the falsifying evidence charge. However, even if, as Ruggiero argues here, evidence tying Ruggiero to the letters was necessary before the exhibits could be admitted, that foundation was provided. Ruggiero's ex-wife testified Ruggiero owned a typewriter, and she witnessed Ruggiero typing documents during the relevant time period. The ex-wife also testified she specifically saw the letter admitted as State's Exhibit 1, which purported to be from the victim, and she had observed Ruggiero spray perfume on the letter to make it "smell like a female." The detective who interrogated Ruggiero about the letters testified that Ruggiero acknowledged he wrote the letters to get out of trouble. Taken together, this evidence provides a sufficient foundation that Ruggiero wrote the letters and for the letters to be admitted in the trial.

**B.    The District Court Did Not Err in Admitting Evidence of Ruggiero's Prior Conduct**

In his brief, Ruggiero's issue on appeal is: "Did the trial court err in allowing witnesses for the prosecution to testify regarding past charges without performing the required balancing test to determine relevance and prejudicial effect?" In essence, Ruggiero claims the district court did not comply with the requirements of I.R.E. 403 before admitting the evidence. Ruggiero's argument section, however, asserts the district court violated I.R.E. 404(b) by admitting detailed testimony about Ruggiero's past stalking charge. Ruggiero further argues the witness testimony was irrelevant, and even if relevant, its probative value was outweighed by its prejudicial effect. It is within Ruggiero's I.R.E. 404(b) argument that he contends the district court abused its discretion by failing to conduct an I.R.E. 403 balancing test before admitting the testimony. The State asserts it is unclear on appeal what evidence Ruggiero claims was improperly admitted because Ruggiero did not cite to specific testimony or any particular objection. Further, the State contends Ruggiero's I.R.E. 404(b) claim on appeal is not preserved because Ruggiero did not make an I.R.E. 404(b) objection at trial.

5

Three different witnesses provided testimony about Ruggiero's prior stalking charge. In his opening brief, Ruggiero did not identify which portions of the testimony he found to be erroneously admitted; instead, he made only generalized assertions about the erroneous admission of the testimony. A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Michael v. Zehm*, 74 Idaho 442, 445, 263 P.2d 990, 991 (1953). This Court will not search the record on appeal for error and we address only the three specific objections and testimony Ruggiero addressed in his reply brief.[1] *See Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003).

1. **The district court correctly determined the testimony of the prosecutor in Ruggiero's previous stalking case was admissible**

   a. **Ruggiero's claim that the district court did not engage in an I.R.E. 403 balancing test before admitting the prosecutor's testimony is not supported by the record**

At trial, Ruggiero moved in limine to prevent the State from offering the prosecutor's testimony that Ruggiero was previously charged with second degree stalking, arguing the testimony would be irrelevant and prejudicial. The district court ruled on Ruggiero's motion in the following matter:

> I'm not going to grant the motion in limine. And that's because the Idaho code section that is relevant in this case states that every person guilty of preparing any false or antedated book, paper, record, or instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced, for any fraudulent or

---

[1] Although in his reply brief, Ruggiero listed the three pieces of testimony he argues were erroneously admitted, as the Idaho Supreme Court held in *Shepherd v. Shepherd*, 161 Idaho 14, 20, 383 P.3d 693, 699 (2016):

> A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Consequently, this Court will not consider arguments raised for the first time in the appellant's reply brief. *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004).

Ruggiero's claim of error in his opening brief is a generalized assertion that the district court erred in admitting witness testimony regarding the prior stalking charge. In his reply brief, Ruggiero listed three instances where he claims testimony was erroneously admitted. Generally, raising these additional arguments in a reply brief would preclude the consideration of those arguments by this Court. *See Shepherd*, 161 Idaho at 20, 383 P.3d at 699. However, because the State addressed the claims, this Court will also address them.

deceitful purpose as genuine or true upon any trial, proceeding, or inquiry, whatever, authorized by law, is guilty of a felony.

In order to prove that, the State does have to establish that there was a trial, proceeding, or inquiry authorized by law. And so that is an element of the case. And a prosecutor in a criminal proceeding is a person who is aware that there is a proceeding or inquiry authorized by law or trial. And so it is relevant for that purpose.

. . . I think you're correct that the fraudulent or deceitful purpose, there has to be an intent to publish a fraudulent or deceitful purpose. But I think part of it is to include what the proceeding is, how this evidence could have affected that proceeding, inquiry, or whatever.

And so there needs to be context supplied by the witnesses. And I think it's fair for that purpose.

During the prosecutor's testimony, Ruggiero made no objections to any of the prosecutor's specific statements.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. I.R.E. 403; *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). The Idaho Supreme Court has previously explained the weighing process that a district court must use in determining whether to admit or exclude evidence under I.R.E. 403:

The rule creates a balancing test. On one hand, the trial judge must measure the probative worth of the proffered evidence. The trial judge, in determining probative worth, focuses upon the degree of relevance and materiality of the evidence and the need for it on the issue on which it is to be introduced. At the other end of the equation, the trial judge must consider whether the evidence amounts to unfair prejudice. . . . Only after using this balancing test, may a trial judge use his discretion to properly admit or exclude the proffered evidence.

*Davidson v. Beco Corp.*, 114 Idaho 107, 110, 753 P.2d 1253, 1256 (1987) (citations omitted). Evidence should be excluded as unfairly prejudicial if it invites inordinate appeal to lines of reasoning outside of the evidence or emotions which are irrelevant to the decision-making process. *State v. Rhoades*, 119 Idaho 594, 604, 809 P.2d 455, 465 (1991). A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal

7

standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333.

The Supreme Court held that it is an abuse of discretion to admit or exclude evidence without conducting the I.R.E. 403 balancing test. *State v. Ruiz*, 150 Idaho 469, 471, 248 P.3d 720, 722 (2010). In *Ruiz*, the defendant sought to introduce evidence that a witness testified against him to avoid a mandatory minimum sentence. *Id.* The district court excluded the evidence. *Id.* at 470, 248 P.3d at 721. On review, the Court explained that although the district court acknowledged the evidence was relevant, it abused its discretion because "[t]o exclude evidence under Rule 403, the trial court must address whether the probative value is substantially outweighed by one of the considerations listed in the Rule. The district court here did not conduct that analysis. It merely said, 'You can't talk about minimum mandatories.'" *Ruiz*, 150 Idaho at 471, 248 P.3d at 722 (citation omitted).

In this case, the record demonstrates that before trial the district court properly complied with the requirements of I.R.E. 403 when determining whether testimony regarding Ruggiero's prior stalking charge was admissible. At the I.R.E. 404(b) notice hearing, the district court explicitly recognized testimony regarding Ruggiero's prior stalking charge was relevant to establish an element of the offense--that there was a prior proceeding. The court then implicitly engaged in the I.R.E. 403 balancing test when it concluded, "there's utterly no way to avoid this. It's part of the charge itself. It is essential." The district court's statements indicate the district court weighed the relevance of the evidence against its prejudicial effects. *See State v. Floyd*, 159 Idaho 370, 372, 360 P.3d 379, 381 (Ct. App. 2015) (appellate courts are required to examine the record to determine implicit findings which would support the trial court's order and such implicit findings should be overturned only if not supported by substantial evidence). Thus, before trial, the district court conducted an I.R.E. 403 balancing test and determined testimony concerning Ruggiero's past stalking charge was admissible.

Then, at trial, when Ruggiero made a motion in limine to exclude the prosecutor's testimony about Ruggiero's past stalking charge, the district court found the testimony of the prosecutor concerning Ruggiero's past stalking charge was relevant and "fair for that purpose." In determining the evidence was fairly admitted to establish the fact of the prior proceeding, the district court implicitly balanced the relevance of the testimony against its unduly prejudicial affect. Moreover, the testimony Ruggiero moved in limine to exclude contained the same

8

subject matter the district court had ruled was admissible in the pretrial I.R.E. 404(b) hearing. Thus, because the district court had already weighed the relevance of the prosecutor's testimony against its prejudicial effects and determined that the testimony regarding Ruggiero's stalking charge was admissible, the district court properly conducted an I.R.E. 403 balancing test before admitting the prosecutor's testimony.

> **b.** **Ruggiero's claim that the district court erred in admitting the testimony of the prosecutor pursuant to I.R.E. 404(b) is not preserved for appeal**

Ruggiero also argues the prosecutor's testimony regarding Ruggiero's past stalking charge should have been excluded pursuant to I.R.E. 404(b). The State argues because Ruggiero did not object to the prosecutor's testimony based on I.R.E. 404(b), Ruggiero is precluded from challenging the admission of the prosecutor's testimony pursuant to I.R.E. 404(b).

Before trial, Ruggiero did not generally or specifically object to the prosecutor's testimony on I.R.E. 404(b) grounds or make any specific I.R.E. 404(b) objections during the prosecutor's testimony. Instead, prior to trial, he generally objected to the testimony of the prosecutor on relevance and prejudice grounds. Idaho Rule of Evidence 103(a)(1) provides that error may not be predicated upon a ruling which admits evidence unless a "timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." *See also State v. Cannady*, 137 Idaho 67, 72, 44 P.3d 1122, 1127 (2002). Although Ruggiero argues in his reply brief that arguing relevance and prejudice is essentially making an I.R.E. 404(b) objection, that argument pre-supposes there was a specific objection from which we could determine the context. Because there was no specific objection to the prosecutor's testimony, there is no context for us to consider. As such, Ruggiero has not preserved a claim that the prosecutor's testimony was erroneously admitted pursuant to I.R.E. 404(b).

> **2.** **The district court correctly determined the testimony of the victim was admissible**

> **a.** **Ruggiero's claim that the district court did not engage in an I.R.E. 403 balancing test before admitting the victim's testimony is not supported by the record**

Ruggiero asserts the district court abused its discretion when it allowed the victim to respond to the question: "Did the relationship ever change, or did conduct ever escalate?" Ruggiero contends the district court abused its discretion by not balancing the prejudicial effect

of the victim's prospective answer against its probative value as required by I.R.E. 403. Ruggiero relies on *Ruiz*, 150 Idaho 469, 248 P.3d 720 to support his argument. The State argues Ruggiero's argument is contradicted by the record.

The record demonstrates the district court properly complied with the requirements of I.R.E. 403 by explicitly recognizing the testimony from the victim regarding Ruggiero's past stalking charge was relevant and not unduly prejudicial. At trial, the State asked the victim whether her relationship with Ruggiero changed or escalated. Ruggiero's trial counsel objected and stated: "Objection, Your Honor, prejudicial. It has no relevance to anything to do with this case." The district court overruled the objection and reasoned, "because the nature of the charge is that there was preparation of false evidence for a proceeding, then it is relevant and admissible to discuss that there was a proceeding." The district court allowed the State to proceed with questioning and concluded: "It is relevant. And I don't think it's unduly prejudicial. It's something we addressed pretrial." By finding the testimony relevant and then determining the evidence was not unduly prejudicial, the district court determined the probative value of the testimony was not outweighed against the danger of unfair prejudice. Furthermore, the district court also referenced its pretrial ruling wherein it determined that evidence regarding Ruggiero's past stalking charge was admissible and not outweighed by undue prejudice. Thus, because the district court conducted an I.R.E. 403 balancing test, it did not abuse its discretion.

> **b.** **Ruggiero's claim that the district court erred in admitting the testimony of the victim pursuant to I.R.E. 404(b) is not preserved for appeal**

Ruggiero argues the district court violated I.R.E. 404(b) when it allowed testimony of Ruggiero's prior stalking charge. The State argues Ruggiero did not preserve his I.R.E. 404(b) argument on appeal because he did not make an I.R.E. 404(b) objection at trial. In his reply brief, Ruggiero asserts that although his objection did not specifically mention I.R.E. 404(b), the basis for the objection was apparent from the context, and therefore, the issue is preserved for appeal. During the trial, Ruggiero challenged two specific pieces of testimony. The first objection was as follows:

> **State:** Okay. Did the relationship ever change, or did conduct ever escalate?
> **Counsel:** Objection. Objection, Your Honor, prejudicial. It has no relevance to anything to do with this case.

Preliminarily, we note that although Ruggiero challenged the testimony generally, he did not challenge this particular ruling on the grounds the district court incorrectly determined the

10

evidence was relevant. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). By failing to challenge the basis on which the evidence was admitted, Ruggiero waived any claim that the district court erred in admitting this specific piece of testimony on the grounds of relevance.

Instead of challenging the specific answer on relevance grounds, Ruggiero argues on appeal the admission of this specific piece of testimony on the grounds that it violated I.R.E. 404(b). However, as to this specific piece of testimony, Ruggiero provided no argument or authority that this specific answer violated I.R.E. 404(b), and as a result, Ruggiero waived review of this issue. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970.

Ruggiero's second objection was as follows:

**State**: At some point, did you feel the need to call law enforcement or file a report?

**Victim**: I did.

**State**: When did you do that?

**Victim**: I did that on the day that [Ruggiero] told me he had my license plate memorized, which he recited to me, described the clothes that I was wearing.

**Counsel**: Objection, Your Honor. We will stipulate there was a proceeding. We can't retry what happened. And this is already trying to turn this into a stalking case. And, at this point, we'll stipulate there was a court proceeding or a court filed.

The district court overruled the objection. Notably, Ruggiero's objection to the admission of the victim's testimony did not articulate a specific ground for the objection. In his reply brief, Ruggiero argues that although he did not specifically mention I.R.E. 404(b), it is clear from the context, especially given his reference to "retry what happened," that the objection was pursuant to I.R.E. 404(b).

We disagree that it is apparent from the context that Ruggiero was objecting pursuant to I.R.E. 404(b) because regarding other testimony about his prior stalking charge, Ruggiero objected on relevance or prejudice grounds, or stood silent. Ruggiero's statements in support of his objection are insufficient for this Court to conclude the objection was pursuant to I.R.E. 404(b). This Court will not speculate upon which basis Ruggiero objected or meant to object, nor will we analyze all potential objections to determine whether Ruggiero may have had some viable basis for the objection. *See State v. Martinez*, 128 Idaho 104, 110, 910 P.2d 776, 782 (Ct. App. 1995) (unable to review whether the district court erred in admitting testimony

11

because defendant's trial counsel did not state the specific ground for the objection and the basis for the objection could not be determined from the record). Thus, because Ruggiero did not state a specific ground for his objection and the basis for his objection is not clear from the context, we cannot conclude the district court erred in admitting the evidence.

## C.    Any Error Was Harmless

Finally, Ruggiero argues admitting the victim's testimony was not harmless; he does not make such a claim in regard to the prosecutor's or magistrate's testimony. The State argues even if the district court erred in admitting the victim's testimony, the error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

Here, over defense counsel's objection, the district court allowed the victim to testify that Ruggiero thought he had a relationship with the victim and thought he was going to marry the victim. The jury was instructed that in order to find Ruggiero guilty of falsifying evidence in violation of I.C. § 18-2602, the jury must find Ruggiero: (1) "prepared a false paper or instrument in writing;" (2) "with the intent to produce it or allow it to be produced for any fraudulent or deceitful purpose as genuine or true, to wit, a false letter;" and (3) "upon any trial, proceeding or inquiry, authorized by law." The purpose of the victim's testimony was to show there was a trial, proceeding, or inquiry authorized by law. However, the jury had already heard from multiple witnesses about Ruggiero's prior stalking charge. The prosecutor from the stalking case testified she was familiar with Ruggiero because she previously prosecuted Ruggiero's misdemeanor second degree stalking charge. The prosecutor also testified that upon receiving the false letters, she had concerns because she knew the victim's fears and position. The magistrate assigned to Ruggiero's prior case testified the charge was a second degree stalking case, memorable for being "Jerry Springer-ish." Ruggiero's ex-wife testified Ruggiero owned a typewriter and she witnessed Ruggiero typing documents during the relevant time period. Ruggiero's ex-wife also testified she specifically saw the letter admitted as State's Exhibit 1, which purported to be from the victim, and she had observed Ruggiero spray perfume on the letter to make it "smell like a female." The jury also heard from the detective who interrogated Ruggiero about the letters and he testified Ruggiero acknowledged he wrote the

12

letters to get out of trouble. Because the jury was presented with testimony about the type and nature of Ruggiero's charge, we conclude beyond a reasonable doubt that the admission of the victim's testimony did not contribute to the verdict. Thus, to the extent the admission of the victim's testimony was error, it was harmless error.

## IV.
## CONCLUSION

The district court did not abuse its discretion in admitting the letters allegedly written by Ruggiero because sufficient foundation was laid. Ruggiero waived review of his claim on appeal that the district court erred in admitting the prosecutor's testimony because he failed to provide argument or authority. Because Ruggiero did not state a specific ground for his objection and the basis for his objection cannot be determined from the record, we are unable to review whether the district court erred in admitting the victim's testimony. Further, the district court did not abuse its discretion in admitting the victim's testimony because it conducted an I.R.E. 403 balancing test. Finally, even if the district court did err in admitting the victim's testimony, any error was harmless. Therefore, we affirm Ruggiero's judgment of conviction.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.