# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42938

NANCY J. SHEPHERD, )
)
    Plaintiff-Appellant, )
)
v. )
)
JOHN M. SHEPHERD, )
)
    Defendant-Respondent. )

Coeur d'Alene, April 2016 Term

2016 Opinion No. 106

Filed: September 29, 2016

Stephen Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Michael J. Griffin, District Judge.

The judgment of the district court is <u>affirmed</u>.

Mark A. Jackson, P.A., Coeur d'Alene, for appellant. Mark Jackson argued.

Flammia & Solomon, P.C., Coeur d'Alene, for respondent. Anne Solomon argued.

---

HORTON, Justice.

Nancy Shepherd (Nancy) appeals from the district court's decision affirming the magistrate court's final decision granting in part and denying in part her motion to modify a decree of divorce. Nancy contends that the district court erred by refusing to set aside John Shepherd's (John) visitation under a divorce decree because the magistrate court lacked subject matter jurisdiction to award custody rights to a non-parent and the child's biological father, Ralph Bartholdt (Ralph), was not a party to the divorce. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nancy and John were married in 2001. In 2005, R.R.B. was born. It is undisputed that John is not R.R.B.'s biological father. Nancy, John, and R.R.B. lived together as a family for the first three years of R.R.B.'s life. In 2008, Ralph obtained a decree of filiation, custody, visitation and support from the magistrate court in Benewah County. The decree declared that Ralph was R.R.B.'s biological father, awarded joint legal custody of R.R.B. to Nancy and Ralph, awarded primary physical custody to Nancy, and provided Ralph with scheduled "on-duty parenting

time." John was not a party to the filiation action. In 2009, Nancy and John divorced. At the time of the divorce, Nancy and John stipulated that John had an important relationship with R.R.B. and agreed that John would have visitation with R.R.B. Ralph was not a party to the divorce proceedings. In 2010, Ralph began living with Nancy and R.R.B.

On February 6, 2012, Nancy filed a petition to modify the decree of divorce. Nancy sought to eliminate John's right to visitation with R.R.B., arguing that Ralph had not been a party to the divorce action and that R.R.B.'s biological parents had the right to raise him without interference from John. Nancy further contended that substantial, permanent, and material changes in circumstances had occurred which warranted ending John's visitation. Ralph sought to intervene in the modification proceedings. A hearing was held on Ralph's motion to intervene but, before the magistrate court's decision was issued, Ralph withdrew his motion. Despite Ralph's attempt to withdraw his motion, the magistrate court issued an order denying the motion to intervene.

Although the petition to modify was still pending, on December 12, 2012, Nancy filed a motion to set aside the custody order in the divorce decree. The magistrate court held a hearing on the motion and denied the motion to set aside the custody order on January 30, 2013.

Nancy appealed the magistrate court's denial of her motion to set aside the custody order to the district court. The district court stayed the appeal until the petition to modify the decree of divorce had been decided.

The magistrate court conducted a four-day trial on Nancy's petition to modify the divorce decree on various dates in late 2013 and early 2014. On June 12, 2014, the magistrate court issued a decision in which it granted Nancy's petition in part and denied it in part. The magistrate court found that there had been a substantial, permanent, and material change of circumstances that warranted a reduction in John's visitation with R.R.B. but the magistrate court denied Nancy's request to terminate John's visitation rights entirely. The magistrate court's judgment was filed contemporaneously with its decision. Nancy filed a timely second amended notice of appeal to the district court. On January 5, 2015, the district court issued its opinion affirming the magistrate court's rulings in all respects. Nancy timely appealed from the district court's decision.

## II. STANDARD OF REVIEW

"On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *In re Estate of Peterson*, 157 Idaho 827, 830, 340 P.3d 1143, 1146 (2014) (quoting *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 470, 283 P.3d 785, 787 (2012)).

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). "Thus, this Court does not review the decision of the magistrate court. Rather, we are procedurally bound to affirm or reverse the decisions of the district court." *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013) (internal citations and quotations omitted). "We exercise free review over the issues of law decided by the district court to determine whether it correctly stated and applied the applicable law." *State Dep't of Health & Welfare v. Slane*, 155 Idaho 274, 277, 311 P.3d 286, 289 (2013). "This Court freely reviews constitutional questions." *State v. Doe*, 148 Idaho 919, 924, 231 P.3d 1016, 1021 (2010).

## III. ANALYSIS

Nancy argues that the district court erred by refusing to void John's visitation rights under the divorce decree. Nancy contends: (1) Idaho courts have the power to declare a judgment void and unenforceable if the judgment was entered without jurisdiction; (2) there was no legal basis under Idaho law for the magistrate court to have granted John visitation rights to R.R.B.; and (3) because Ralph was not a party to the divorce or modification proceedings, any orders or judgments relating to John's visitation rights to R.R.B. are void.

"Generally, final judgments, *whether right or wrong*, are not subject to collateral attack. However, under I.R.C.P. 60(b)(4) a court may relieve a party or his legal representative from a final judgment, order, or proceeding because the judgment is void. This Court narrowly construes what constitutes a void judgment." *Jim & Maryann Plane Family Trust v. Skinner*, 157 Idaho 927, 933, 342 P.3d 639, 645 (2015) (internal quotations and citations omitted) (emphasis original). This Court has outlined three circumstances in which a judgment will be found to be void:

> In order for a judgment to be void, there must generally be some jurisdictional defect in the court's authority to enter the judgment, either [1] because the court lacks personal jurisdiction or [2] because it lacks jurisdiction over the subject matter of the suit. A judgment is also void where it is [3] entered in violation of due process because the party was not given notice and an opportunity to be heard.

*Id.* (bracketing in original) (quoting *McGrew v. McGrew*, 139 Idaho 551, 558, 82 P.3d 833, 840 (2003) (internal citations omitted)). As Nancy does not contend that the magistrate court lacked personal jurisdiction, we consider only issues relating to subject matter jurisdiction and due process.

## A. The divorce decree and child custody determination are not void for lack of subject matter jurisdiction.

Nancy argues that "there was no legal basis under Idaho law for any court to have granted John custody rights to [R.R.B.], either in the 2009 Decree or in any subsequent proceedings in this case." Nancy reasons:

> **Idaho law provides six distinct proceedings or methods where parents can be deprived of their custody rights to their child, thereby theoretically allowing a non-parent to gain custody rights in an order.** Five of these proceedings are based on statute; one is based on case law.
>
> - First, **I.C. § 32-719** allows the courts to give grandparents reasonable visitation rights under certain circumstances.
>
> - Second, **I.C. § 16-1501, et seq.** allows the courts to enter adoption orders.
>
> - Third, **I.C. § 16-1601, et seq.** allows the court to enter orders in child protection actions for children subject to child abuse, abandonment, neglect, or endangerment.
>
> - Fourth, **I.C. § 15-5-202, et seq.** allows the appointment of guardians of minors where children are neglected, abused, abandoned, or where the parents cannot provide a stable home environment.
>
> - Fifth, the De Facto Custodian Act, **I.C. § 32-1701, et seq.**
>
> - Sixth, **Stockwell v. Stockwell, 116 Idaho 297, 775 P.2d 611 (1989)** gives non-parents the ability to obtain custody rights in limited, narrow circumstances.

(emphasis original). Nancy contends that both the magistrate court and district court erred in their decisions and rulings after applying *Stockwell* to the facts of this case. Nancy's argument proceeds as follows:

> The Magistrate and District Court in this case misused and misapplied the **Stockwell** "appreciable time" concept to give John custody rights of RB. . . .The Magistrate and District court in this case have far exceeded the underlying intent of **Stockwell, Ewing, Altmiller,** and **Hernandez.** . . . The ruling of the Magistrate and District Court misapplies **Stockwell** and other related case law, and in fact this will totally change the dynamics of custody/visitation rights of non-parents. . . . The District Court correctly stated that non-parents of a child may be granted visitation or custody "only pursuant to statutory authority" (memorandum Opinion, p. 4), but then the District Court misread or misapplied **Stockwell.** . . . The above cases further demonstrate how **Stockwell** was applied in this case.

(emphasis original). Nancy concludes that "any custody rights of John in the Decree, the Final Judgment Granting Relief in Part and Denying Relief in Part, dated June 12, 2014, and the Final Decision Re: Trial, Dated June 12, 2014, should be deemed void." We disagree.

Nancy's argument is fundamentally flawed. Whether the magistrate court and subsequent district court decisions correctly applied the legal principles discussed in *Stockwell* has no bearing on the question whether the courts lacked subject matter jurisdiction. "A judgment that incorrectly interprets a rule of law does not divest the court of jurisdiction over the subject matter or over the parties." *Gordon v. Gordon*, 118 Idaho 804, 807, 800 P.2d 1018, 1021 (1990). "Jurisdiction is the power to decide erroneously as well as correctly. If the judgment is erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceeding." *State, Dep't of Health & Welfare v. Housel*, 140 Idaho 96, 101, 90 P.3d 321, 326 (2004) (internal citations and quotations omitted). In *Gordon*, we explained:

> In the sound interest of finality, the concept of void judgment must be narrowly restricted. And it is.
>
> By jurisdiction over the subject matter the cases mean that the court must have jurisdiction or power to deal with the class of cases in which it renders judgment. . . . In brief, then, except for the rare case where power is plainly usurped, if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, *whether right or wrong*, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned.

*Gordon*, 118 Idaho at 807, 800 P.2d at 1021 (quoting 7 *Moore's Federal Practice and Procedure*, ¶ 60.25[2], p. 60–225–230 (1990)).

This reasoning is not unique; we have repeatedly held that "a district court has not only jurisdiction in divorce proceedings, but continuing jurisdiction over questions involving the custody of minor children." *Dey v. Cunningham*, 93 Idaho 684, 686, 471 P.2d 71, 73 (1970). Idaho Code section 32-11-102(c) defines a "child custody determination" as "a judgment, decree,

or other order of a court providing for the legal custody, physical custody or visitation with respect to a child." I.C. § 32-11-102(c). Idaho Code section 32-717(1) provides: "In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children." I.C. § 32-717(1). "In Idaho, the child's best interest is of paramount importance in child custody decisions." *Bartosz v. Jones*, 146 Idaho 449, 454, 197 P.3d 310, 315 (2008). "Accordingly, the best interest standard governs decisions regarding where a child will reside." *Id.*

In *Stockwell*, we held: "In custody disputes between a 'non-parent' (i.e., an individual who is neither legal nor natural parent) and a natural parent, Idaho courts apply a presumption that a natural parent should have custody as opposed to other lineal or collateral relatives or interested parties." *Stockwell*, 116 Idaho at 299, 775 P.2d at 613. This presumption is overcome if the non-parent demonstrates: (1) the natural parent has abandoned the child; (2) the natural parent is unfit; or, (3) the child has been in the non-parent's custody for an appreciable period of time. *Id.* The court then applies a best interest of the child analysis. *Id.*

Here, Nancy's argument does not support her claim of error. She makes no effort to explain why the order of filiation, which was entered in a proceeding where John was not a party, might extinguish his parental rights to a child born to his wife during the marriage. More importantly, even if both the magistrate and district courts incorrectly applied *Stockwell*, such legal error did not divest the magistrate court of subject matter jurisdiction to decide questions of John and Nancy's rights to custody of, and visitation with, R.R.B. in the original divorce proceeding or subsequent modification proceeding.

**B. Nancy lacks standing to argue that the decree of divorce and custody determination is void because it violated of Ralph's due process rights.**

On appeal, Nancy argues that because Ralph was not a party to any of the proceedings, any orders or judgments relating to R.R.B. from those proceedings should be deemed void. Nancy concludes, "[a] judgment is void where it is entered in violation of due process because the party was not given notice and an opportunity to be heard."

"Jurisdictional issues, like standing, are questions of law, over which this Court exercises free review." *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012). "[Q]uestions of jurisdiction . . . must be addressed prior to reaching the merits of an appeal." *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009). "The issue of

6

whether a party has standing to assert a particular claim should be resolved before the merits of the claim are reached." *State v. Doe*, 148 Idaho 919, 936, 231 P.3d 1016, 1033 (2010).

Nancy does not have standing to bring an action to void a judgment based on a violation of Ralph's due process rights. In *State v. Doe*, we discussed the requirements established by the U.S. Supreme Court for a party to assert the constitutional rights of another party:

> Courts must hesitate before resolving the rights of those not parties to litigation. *Singleton v. Wulff*, 428 U.S. 106, 113, 96 S.Ct. 2868, 2873–74, 49 L.Ed.2d 826, 832–33 (1976). Even though a potentially illegal action may affect the litigant as well as a third party, the litigant may not rest his claims on the rights or legal interests of the third party. *Dep't of Labor v. Triplett*, 494 U.S. 715, 720, 110 S.Ct. 1428, 1431–32, 108 L.Ed.2d 701, 713 (1990). . . . This requirement is based on the presumption that the third parties themselves are the best proponents of their own rights. *Singleton*, 428 U.S. at 113–14, 96 S.Ct. at 2873–74, 49 L.Ed.2d at 832‑33.
>
> As a result, the U.S. Supreme Court requires a litigant who seeks to assert the rights of another party to demonstrate three interrelated criteria: (1) he must have suffered injury in fact, providing a significantly concrete interest in the outcome of the matter in dispute; (2) he must have a sufficiently close relationship to the party whose rights he is asserting; and (3) there must be a demonstrated bar to the third parties' ability to protect their interests. *Powers v. Ohio*, 499 U.S. 400, 411, 111 S.Ct. 1364, 1370–71, 113 L.Ed.2d 411, 425–26 (1991).

*Id.* at 936, 231 P.3d at 1033.

Here, there is no basis upon which we can conclude that Nancy has standing to pursue this claim based on an alleged violation of Ralph's constitutional due process rights. Nothing in the record demonstrates a bar to Ralph's ability to protect his own interest in this matter; indeed, Ralph's request to withdraw his motion to intervene in the modification proceedings demonstrates his lack of interest in vindicating any rights he might have. We hold that Nancy is without standing to assert a claim that Ralph's due process rights were violated as a basis for invalidating the custody provisions of the divorce decree.

### 1. Nancy's claim that Ralph was an indispensable party is not properly before this Court.

Nancy's reply brief advances a new argument:

> Ralph should have been made a party to the original divorce case between Nancy and John. Ralph should have been made a party to the motion to modify. It is not Ralph's responsibility to inject himself into these actions; it was the responsibility of [John] or the court to make Ralph a party because he is a parent of RB. Ralph was an indispensable party in both cases.

7

We will not consider arguments raised for the first time in an appellant's reply brief. "A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). "Consequently, this Court will not consider arguments raised for the first time in the appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). Further, Nancy did not cite to legal authority in support of her claim that Ralph was an indispensable party, nor did she attempt to explain the legal significance of a judgment entered in the absence of an indispensable party. "[A] party waives an appellate issue that is not supported with relevant argument or authority." *Akers v. Mortensen*, 160 Idaho 286, 288, 371 P.3d 340, 342 (2016). For these reasons, this argument is not properly before this Court and we will address it no further.

## C. Nancy's final assignment of error is too vague to be decided by this Court.

Nancy argues that the district court erred in not terminating John's custody rights to R.R.B. due to "the events which occurred since the original decree." Specifically, Nancy presents "four primary reasons that John's custody rights should have been terminated or extinguished even if the court had jurisdiction." Nancy contends:

> First, the new GAL, Kacey Wall, concluded that John was acting very inappropriately since the Decree. Second, Nancy presented numerous evidence of John interfering ed [sic] with Nancy and Ralph's ability to raise [R.R.B.]. Third, although John did not complain to Kacey Wall about Ralph's parenting with [R.R.B.], at trial he tried to introduce evidence of Ralph being a bad father (while at the same time he did not want to include him as a party). Fourth, the testimony of John's "experts" at trial only further demonstrate John's custody rights should be terminated.

Nancy has not presented any clear assignment of error or sufficient argument for this Court to consider this claim. Nancy does not point to any evidentiary or legal errors in the magistrate court's decisions. Likewise, she does not attempt to identify any legal error by the district court.

> Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue.

*Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (internal citations omitted). Nancy's argument is simply too vague and unsupported for this Court to determine the existence of any error.

**D. John is entitled to attorney fees on appeal.**

Both parties request attorney fees on appeal. Nancy requests attorney fees under Idaho Code sections 12-120 and 12-121, or alternatively that this court "order the Magistrate to conduct a hearing on the respective attorney fees and resources of the parties and the ability of John to pay for Nancy's attorney fees given the fact that John has substantially more income than Nancy." John requests attorney fees pursuant to Idaho Code section 12-121, arguing that Nancy "fails to present any significant issues regarding a question of law, she fails to show that the findings are unsupported by substantial evidence, and she does not ask this court to establish any new legal standard."

Idaho Code section 12-121 provides that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties . . . ." Nancy has not prevailed in this appeal and therefore is not entitled to an award of fees. John has prevailed, leaving only the question whether he is entitled to an award of fees.

As we announced in *Hoffer v. Shappard*, Docket No. 42087, this Court will apply a new standard to requests for attorney fees that complies with express legislative intent, effective March 1, 2017. Until the effective date of the rescission of Idaho Rule of Civil Procedure 54(e)(2), we will apply the current standard for an award of attorney fees under Idaho Code section 12-121 and we decide John's request under that standard. "To receive an I.C. § 12-121 award of fees, the entire appeal must have been pursued frivolously, unreasonably, and without foundation." *Snider v. Arnold*, 153 Idaho 641, 645–46, 289 P.3d 43, 47–48 (2012). "Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the trial court incorrectly applied well-established law." *City of Boise v. Ada Cnty.*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009). "Ordinarily, attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007). We find that Nancy's appeal has been pursued frivolously, unreasonably, without foundation, and she has failed to show that the lower courts incorrectly applied well-established law. Therefore, we award attorney fees on appeal to John.

## IV. CONCLUSION

We affirm the district court's decision. We award attorney fees and costs to John.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.