# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47906

| | |
|---|---|
| FOUR SEASONS SOLAR PRODUCTS LLC, | ) |
| | ) **Filed: January 6, 2022** |
| Cross Claimant-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| HORST VON BLOES, an individual, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Cross Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| NORTH WEST MARKETING CORPORATION, dba AMERICAN BRANDS CONSTRUCTION, | ) |
| | ) |
| | ) |
| Cross-Defendant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of dismissal with prejudice, affirmed.

Horst Von Bloes, Hayden, pro se appellant.

Ford, Dalton & Mortensen, P.S.; Wesley D. Mortensen, Spokane Valley, Washington, for respondent.

---

BRAILSFORD, Judge

Horst Von Bloes appeals from the district court's judgment dismissing his breach of contract claim against Four Seasons Solar Products, LLC (Four Seasons) after a court trial. Von Bloes argues the court violated his due process rights as a pro se litigant and erred by not deciding his motion to continue the trial. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Von Bloes owns and operates North West Marketing Corporation, doing business as American Brands Construction (North West). In September 2017, North West entered into a contract with Paula Woodward to install a manufactured aluminum patio cover on a property. When North West and Woodward learned the homeowner's association prohibited aluminum patio covers, they agreed to a change order for a custom-built, wood patio cover instead. Woodward paid North West $9,400, but the project did not proceed timely. As a result, Woodard terminated the contract, and she demanded, but did not receive, a refund.

In January 2018, Woodward sued Von Bloes, North West, and Four Seasons Solar Products, LLC ("Four Seasons") for the return of her money.[1] Von Bloes had a dealer agreement with Four Seasons to market its products. This agreement also required Von Bloes to indemnify Four Seasons in certain circumstances. Pursuant to this indemnification provision, Four Seasons tendered defense of Woodward's lawsuit against it to Von Bloes. Von Bloes, however, proceeded pro se and did not retain legal counsel to represent and defend either North West or Four Seasons against Woodward's lawsuit.[2]

As a result, Four Seasons retained legal counsel, appeared in the action, and filed cross-claims against Von Bloes and North West including, among other things, that they breached the dealer agreement and failed to indemnify Four Seasons. Four Seasons also terminated the agreement. In response, Von Bloes asserted cross-claims against Four Seasons, including a claim that it unjustly terminated the dealer agreement. Meanwhile, Woodward obtained a default

---

[1]     Woodward alleged Von Bloes was acting as Four Seasons' agent. According to the district court's findings of fact and conclusions of law entered after trial, Woodward testified at trial that she believed Four Seasons was the supplier of the original aluminum patio cover and she "had no reason to assume" Four Seasons was not also the supplier of the wood patio cover.

[2]     Initially, Von Bloes attempted to respond to Woodward's lawsuit on behalf of North West but learned he cannot represent a business entity like North West because he is not a licensed attorney. Von Bloes does not dispute the rule that a non-lawyer cannot represent a business entity. *See Citibank (S. Dakota), N.A. v. Carroll*, 148 Idaho 254, 260, 220 P.3d 1073, 1079 (2009) (noting a person's right to represent himself does not extend to the representation of other persons or entities); *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 745, 215 P.3d 457, 465 (2009) ("Although a non-attorney may appear *pro se* on his own behalf, that privilege is personal to him.").

judgment against North West and eventually dismissed her remaining claims against Von Bloes and Four Seasons.

According to the case summary in the appellate record, the district court originally scheduled a jury trial for April 2019. During a pretrial conference in March 2019, Von Bloes requested a continuance of the trial "to get counsel." Opposing counsel did not object to this request, and the trial court vacated the April 2019 trial to allow Four Seasons to file a motion for summary judgment and Von Bloes to retain counsel.

Thereafter, Four Seasons filed a motion for partial summary judgment on Von Bloes' cross-claim for breach of contract. Von Bloes filed an untimely response to this motion. After a hearing on the motion, the court denied Four Seasons' motion. It ruled the dealer agreement was ambiguous and, thus, raised a genuine issue of material fact for trial.

Approximately two weeks before trial in October 2019, Von Bloes filed a motion to continue the trial to retain counsel and to conduct additional discovery. The district court, however, did not rule on this motion but, rather, the case proceeded to a one-day court trial on the cross-claims. Following trial, the court entered written findings of fact and conclusions of law. It ruled Von Bloes did not have an obligation to defend Four Seasons under the dealer agreement; Four Seasons' termination of the dealer agreement was unjustified; Von Bloes did not present any evidence that the termination caused any damages, however; and neither party prevailed on their cross-claims.

Von Bloes timely appeals.

## II.

## STANDARD OF REVIEW

Constitutional questions are purely questions of law. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 67, 28 P.3d 1006, 1010 (2001). Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

### A. Due Process Rights

Von Bloes asserts the district court violated his due process rights by failing to provide him "adequate assistance" and "adequate procedural guidance." [3] Specifically, Von Bloes argues "the district court erred when it failed to provide clear, neutral, and timely guidance to [him] about procedures at various junctures" during the case. Von Bloes asserts these failures "deprived [him] of his opportunity to prove damages." In support, Von Bloes relies on *Turner v. Rogers*, 564 U.S. 431 (2011).

In that case, Turner appeared without legal counsel at a civil contempt hearing regarding his failure to comply with a child support order. *Id.* at 436-37. The family court found Turner in civil contempt, sentenced him to twelve months of incarceration, but failed to address whether Turner was able to make payments. *Id.* at 437-38. On appeal to the United States Supreme Court, the Court addressed whether the Fourteenth Amendment's Due Process Clause grants an indigent defendant the right to state-appointed counsel in a civil contempt proceeding which may lead to incarceration. *Id.* at 441. The Court held that "the Due Process Clause does not *automatically* require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration." *Id.* at 448. Rather, the Court identified three considerations for determining whether due process requires "the State to provide indigents with counsel in every proceeding of the kind before [the Court]." *Id.* at 446. Those considerations are whether the defendant has the ability to pay; whether counsel represented the party opposing the defendant; and whether "substitute procedural safeguards" are available. *Id.* at 446-47. Those procedural safeguards include notice that the defendant's ability to pay is a critical issue, the use of forms to elicit relevant financial information, an opportunity for a hearing, and the trial court's express finding of a defendant's ability to pay. *Id.* at 447-48. Because Turner had "neither counsel nor the benefit of alternative procedures," the Court vacated the judgment and remanded the case. *Id.* at 449.

---

[3] In stating his appellate issues, Von Bloes identifies the district court's alleged failures to provide "adequate assistance" and to provide "adequate procedural guidance" as two separate issues. Von Bloes' argument, however, combines the two issues into a single discussion and does not provide any cognizable distinction between the two issues.

*Turner* has no application in this case for numerous reasons. Most notably, this case is not a case in which Von Bloes is a defendant in a civil contempt proceeding potentially resulting in incarceration as in *Turner*. Rather, Von Bloes has asserted an affirmative claim for relief against Four Seasons, and the crux of his alleged due process violation is that the district court did not guide or assist him in understanding how to obtain damages under his claim. The Court's language in *Turner* does not contemplate any extension of the procedural safeguards discussed in that case to other types of cases in which a litigant may proceed pro se. *See id.* at 446 (discussing due process in "the kind" of proceeding before the Court). Further, Von Bloes cites no authority and provides no argument in support of extending those procedural safeguards either to a party pursuing a civil claim or to a civil case not involving possible incarceration.[4]

Further, Von Bloes fails to challenge the well-established rules in Idaho requiring that pro se litigants must comport with "the same standards and rules" as parties represented by counsel and providing that Idaho courts will not accord pro se litigants "special latitude" or "special consideration" simply because they proceeded without the assistance of an attorney. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). In particular, Von Bloes does not cite any authority or argue that these rules do not comport with due process. As a result, Von Bloes has failed to establish any due process violation.

Moreover, Von Bloes failed to raise any alleged due process violation before the district court. Generally, this Court will not consider issues not raised before the trial for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Implicitly conceding he did not raise the issue before the district court, Von Bloes notes that appellate courts will hear an issue raised for the first time on appeal where the issue implicates a fundamental right and argues "the district court's failure to ensure [he] got his evidence of damages in for review" was a fundamental error. The Idaho Supreme Court, however, has held the fundamental error doctrine is inapplicable in civil matters, such as this case. *See In re Doe (2013-29)*, 156 Idaho 682, 687-88, 330 P.3d 1040, 1045-46 (2014) (citing *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010) (recognizing fundamental error analysis applies only

---

[4]     Other than *Turner*, Von Bloes only cites generally to a California "bench guide" for judicial officers handling pro se cases and to other nonbinding authorities, including from Australia. Because these authorities are neither binding nor persuasive, we do not address them.

5

where criminal "defendant [is] deprived of his or her Fourteenth Amendment due process right to a fair trial in a fair tribunal")).

## B.    Motion to Continue the Trial

Von Bloes asserts the district court abused its discretion by failing to grant his motion to continue the trial. Although Von Bloes filed this motion with the court, the record does not indicate the court ever heard or ruled on the motion. To the contrary, the record suggests Von Bloes proceeded to trial without requesting a ruling on the motion. On the day of trial, the court expressly inquired whether the parties were "ready to proceed with trial," to which Von Bloes responded affirmatively without indicating he had a pending motion for a continuance. Von Bloes challenges the court's failure to rule on that motion, arguing that this Court "should not be required to guess at the contours of the district court's thinking."

Von Bloes is correct that this Court cannot evaluate whether the district court erred absent a ruling on the issue. For this reason, the record must contain an adverse ruling by the trial court on the issue to preserve it for appeal. *Johnson v. Crossett*, 163 Idaho 200, 207, 408 P.3d 1272, 1279 (2018). Absent an adverse ruling on the record, this Court will not review an alleged error on appeal. *Id.* Because the record does not contain an adverse ruling on Von Bloes' motion to continue the trial, we will not review this issue on appeal.

## C.    Attorney Fees

Four Seasons is the prevailing party on appeal and requests an award of attorney fees under Idaho Code § 12-121 and Idaho Appellate Rule 41. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party when the Court finds the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Clark v. Jones Gledhill Fuhrman Gourley, P.A.*, 163 Idaho 215, 230, 409 P.3d 795, 810 (2017). To receive attorney fees under I.C. § 12-121, the entire appeal must have been pursued frivolously, unreasonably, and without foundation. *Shepherd v. Shepherd*, 161 Idaho 14, 21, 383 P.3d 693, 700 (2016). Such circumstances exist when a party has only asked the appellate court to second-guess the trial court by reweighing the evidence, has failed to show that the trial court incorrectly applied well-established law, or has failed to provide authority or legal argument in support of the party's assertion. We decline to award Four Seasons attorney fees under I.C. § 12-121 because we cannot conclude Von Bloes' appeal was entirely frivolous.

6

## IV.

## CONCLUSION

The district court did not violate Von Bloes' due process rights by failing to assist or guide Von Bloes in presenting his case. Because the district court did not rule on Von Bloes' motion for a continuance, we do not review the issue on appeal. Accordingly, we affirm the district court's judgment dismissing Von Bloes' cross-claims. We decline to award attorney fees but award Four Seasons costs on appeal under I.A.R. 40.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.