## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 49372

| | | |
|---|---|---|
| **KENNETH GLATTE,** | ) | |
| | ) | |
| Petitioner-Appellant, | ) | **Boise, April 2022 Term** |
| | ) | |
| v. | ) | **Opinion filed: June 29, 2022** |
| | ) | |
| **KRISTINA HERNANDEZ,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Theodore Tollefson, Magistrate Judge.

The judgment of the magistrate court is <u>affirmed</u>.

Susan Lynn Mimura and Associates, PLLC, for Appellant. Renee Karel argued.

Sasser & Jacobson, PLLC, for Respondent. Michael B. Steele argued.

_____

BRODY, Justice.

This expedited appeal arises out of the dismissal of a stepfather's petition for custody and support of a child filed three years after the stepfather and mother divorced. The stepfather based his petition on the underlying divorce and this Court's decision in *Stockwell v. Stockwell*, 116 Idaho 297, 775 P.2d 611 (1989). The magistrate court ultimately dismissed the stepfather's petition for failure to state a claim upon which relief could be granted. The court reasoned that the stepfather, who never adopted the child, had brought a common law custody claim under *Stockwell*, which was specifically prohibited in *Doe v. Doe*, 162 Idaho 254, 395 P.3d 1287 (2017). We agree with the magistrate court's decision and affirm the judgment of dismissal.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

When Kenneth Glatte and Kristina Hernandez began dating in early 2014, Hernandez was four months pregnant with a child ("Child"). Glatte is not the biological father of Child. Glatte and Hernandez moved in together soon after they started dating, and Glatte was present at Child's birth in late 2014. The three lived together after Child's birth, and Glatte assumed the role of Child's

1

father. Glatte and Hernandez eventually married in April 2017. Despite having the opportunity to do so, Glatte never adopted Child.

Roughly eleven months into the marriage, Hernandez petitioned for divorce. The record on appeal does not include Hernandez's petition; however, it is undisputed that her petition did not reference Child. Hernandez served Glatte with the petition and Glatte did not contest it. Thereafter, Hernandez sought and received a default judgment, with the decree of divorce entered in May 2018. The record on appeal does not include the decree; nevertheless, it was also undisputed that the decree made no reference to Child.

For the next three years, Child resided with Hernandez, and Hernandez allowed Glatte to spend a substantial amount of time with Child, particularly on weekends. However, around May 2021, Hernandez ended Glatte's visits with Child. Two months later, Glatte filed a verified petition to establish custody and support of Child. Glatte's petition sought to establish a custody right to Child based on *Stockwell v. Stockwell*, 116 Idaho 297, 775 P.2d 611 (1989), the parties' underlying divorce, and his years-long relationship with Child. Hernandez soon filed a motion for summary judgment based on two arguments. First, Hernandez argued she was entitled to judgment as a matter of law because, based on *Doe v.* Doe, 162 Idaho 254, 395 P.3d 1287 (2017), Glatte's petition failed to state a custody claim upon which relief could be granted. Second, and in the alternative, Hernandez argued that if Glatte had stated a custody claim, there was no genuine dispute that Glatte "has not had custody of [Child] for an appreciable period of time as outlined in *Stockwell*."

Two weeks after oral argument, the magistrate court issued its memorandum decision granting Hernandez's motion. The magistrate court agreed with Hernandez's first argument and dismissed Glatte's petition. The court reasoned that Glatte's petition failed to state a claim for custody upon which relief could be granted because it pleaded a common law *Stockwell* custody claim, which is explicitly prohibited by *Doe*. Because of this, the magistrate court never reached Hernandez's alternative argument that Glatte did not have custody of Child for an "appreciable period of time" under *Stockwell*. Glatte appeals the dismissal of his petition.

## II. STANDARD OF REVIEW

As a preliminary matter, the record below speaks in terms of granting Hernandez summary judgment, but in substance, the magistrate court granted Hernandez "judgment on the pleadings" when it dismissed Glatte's petition for failure to state a claim upon which relief could be granted. *See* Idaho Rules of Family Law Procedure ("I.R.F.L.P.") 206(b)(6), (c). Although Hernandez

presented affidavits in support of her motion, the magistrate court did not reach evidence outside the pleadings to render judgment in favor of Hernandez.

This Court reviews the dismissal of a petition under Idaho Rule of Family Law Procedure 206(b)(6) for failure to state a claim upon which relief could be granted *de novo*. *See Nelson v. Evans*, 166 Idaho 815, 819, 464 P.3d 301, 305 (2020). To state a claim upon which relief could be granted, the petition must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" I.R.F.L.P. 206(a)(2). The pleading must provide "*some* indication of the theory of recovery supporting the relief sought—a naked recitation of the facts alone is insufficient." *Brown v. City of Pocatello*, 148 Idaho 802, 808, 229 P.3d 1164, 1170 (2010) (emphasis original). Dismissal of a petition "for failure to state a claim should not be granted 'unless it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim that would entitle him to relief.' " *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005) (alteration added) (quoting *Gardner v. Hollifield*, 96 Idaho 609, 611, 533 P.2d 730, 732 (1975)).

## III.    ANALYSIS

This appeal centers on whether a stepfather has the legal basis to seek custody of a child against the wishes of the child's biological parent based on a combination of this Court's decision in *Stockwell v. Stockwell*, 116 Idaho 297, 775 P.2d 611 (1989) and an underlying divorce action. In *Doe*, we held that *Stockwell* is not a "toe-hold for an independent custody action brought by a non-parent." 162 Idaho 254, 257, 395 P.3d 1287, 1290 (2017). A "non-parent" is an individual who is neither a legal nor biological parent of a child. *Shepherd v. Shepherd*, 161 Idaho 14, 19, 383 P.3d 693, 698 (2016) (citing *Stockwell*, 116 Idaho at 299, 775 P.2d at 613). In this case, Glatte is a non-parent seeking custody of Child.

For the reasons discussed below, we hold that Glatte pleaded an independent *Stockwell* cause of action contrary to the Court's holding in *Doe*. We further hold that Idaho Code section 32-717(1), governing the custody of children in a divorce, does not save Glatte's petition because Child is not a child of the marriage between Glatte and Hernandez.

**A.    Glatte's petition for custody based on *Stockwell* and the parties' underlying divorce does not state a claim upon which relief could be granted.**

The magistrate court held that Glatte's petition for custody failed to state a claim upon which relief could be granted. In its decision, the magistrate court analyzed this Court's decisions

touching on *Stockwell* and ultimately relied on this Court's decision in *Doe* to conclude that *Stockwell* does not provide Glatte with a cause of action for custody. The magistrate court also determined that Glatte's petition did not "fall under any of the other legislatively approved methods of acquiring custody of a minor." Accordingly, the magistrate court granted judgment as a matter of law to Hernandez and dismissed Glatte's petition.

On appeal, Glatte argues that despite our holding in *Doe*, a stepfather can still petition for custody of his ex-spouse's child based on the stepfather doing so in *Stockwell*. Glatte maintains that such a cause of action for custody is viable even if, as in this case, the divorce did not reference the child.

In *Stockwell*, the Court articulated a framework for disputes where a non-parent seeks custody of a child against the wishes of the child's biological parent. 116 Idaho at 299, 775 P.2d at 613. Recently, in *Doe*, the Court unequivocally rejected any reading of *Stockwell* that would allow for an "independent custody action brought by a non-parent[,]" i.e., a common-law cause of action for custody of a child by a non-parent against a biological parent. 162 Idaho at 257, 395 P.3d at 1290.

*Doe* involved a biological mother who was in a committed relationship with her female partner for six years. *Id.* at 255, 395 P.3d at 1288. The biological mother and her partner never married because the biological mother did not wish to do so, but they agreed to start a family using an anonymous sperm donor. *Id.* The partner was present for the birth of the child, and the three lived as a family for the child's first two years of life until the partner and the biological mother separated. *Id.* The partner never adopted the child. *Id.* After separation, the partner assisted the biological mother in caring for the child. *Id.* at 255–56, 395 P.3d at 1288–89. Approximately two and a half years later, the biological mother prohibited the partner from contacting the child and the partner filed a petition seeking adoption, custody, or visitation. *Id.* at 256, 395 P.3d at 1289. The magistrate court granted the partner visitation rights based on the framework in *Stockwell*. *Id.*

On appeal, this Court reversed the magistrate court's decision and rejected the partner's theory that *Stockwell* created a common law cause of action for non-parents seeking custody of children from a biological parent:

> This Court's decision in *Stockwell* is not a key to the courthouse for non-parents seeking custody of minor children. The *Stockwell* decision was made in the context of divorce and guardianship proceedings and cannot be used as a toe-hold for an independent custody action brought by a non-parent. This Court understands that

family structures are changing, but it is not the role of this Court to create new legal relations. That is the business of the Idaho legislature.

*Id.* at 257, 395 P.3d at 1290.

The central holding of *Doe* is that a non-parent may only pursue custody of children against a parent through statutory "keys." *Id.* Some of these keys include: (1) the De Facto Custodian Act, I.C. §§ 32-1701, -1705 (enabling relatives related to a child within the third degree of consanguinity to seek custody); (2) Idaho Code section 32-717(3) (enabling grandparent(s) to intervene in a divorce case where the child actually resides with the grandparent(s)); (3) Idaho Code section 32-719 (providing grandparents and great-grandparents an independent cause of action for visitation); and (4) Idaho Code section 15-5-204 (permitting a guardianship in certain circumstances). *Doe*, 162 Idaho at 257, 395 P.3d at 1290; *see also Nelson*, 166 Idaho at 820, 464 P.3d at 306.

In this case, Glatte does not explicitly point to any of the "keys" identified within Title 32, Chapter 7; instead, his petition pleads the parties' underlying marriage and divorce as his legal basis to bring a custody action. Glatte argues that he was "related to [Child] by marriage, which is a legal relationship that *Doe* respects, and it is th[e] type of existing relationship the Court referred to when it stated that *Stockwell* was related to divorce and guardianship proceedings." Glatte maintains that he "is not asking for *Stockwell* to be extended; rather he is asking for it to be applied to him, as he is similarly situated to the stepfather in *Stockwell*."

In an action for divorce, the magistrate court has authority to determine, before and after judgment, the custody, care, and education of the "*children of the marriage* as may seem necessary or proper in the best interests of the children." I.C. § 32-717(1) (emphasis added). Once jurisdiction is acquired, the court has not only the authority to resolve matters related to the divorce, but also continuing jurisdiction over questions involving the custody of children of the marriage. *Shepherd*, 161 Idaho at 19, 383 P.3d at 698; *see also* I.C. § 32-11-201 (explaining when an Idaho court has jurisdiction over a child under the Uniform Child Custody Jurisdiction and Enforcement Act). Accordingly, the dispositive question in this case is whether Child is a child of the marriage under Idaho Code section 32-717(1) for purposes of the parties' underlying divorce. *Stockwell* is instructive in answering this question.

In *Stockwell*, the mother, unmarried at the time, conceived and gave birth to a child ("Child One") before she married the stepfather. 116 Idaho at 298, 775 P.2d at 612. Two years after the mother and stepfather married, the pair had a child of their own ("Child Two"). *Id.* The four lived

together as a family for the next six years until the mother filed for divorce. *Id*. When the mother filed for divorce, her petition "stated that both children were *children of the marriage* (even though [Child One] was [1] born before the marriage and [2] was not [the stepfather's biological] child)." *Id*. (emphasis and alterations added). During the divorce proceedings, the children were placed in a guardianship with the stepfather's parents. *Id*. After the divorce was finalized, the magistrate court terminated the guardianship and granted primary physical custody to the mother with visitation rights to the stepfather. *Id*.

Eventually, the mother fled to Connecticut with both the children and changed the children's names in an effort to conceal their identity and whereabouts from the stepfather. *Id*. at 298–99, 775 P.2d at 612–13. Under a court order, the stepfather brought the children back to Idaho, and, after a hearing, the magistrate court found that the best interests of Child Two would be served by changing her primary physical custody to the stepfather (Child Two's biological father). *Id*. at 299, 775 P.2d at 613. The magistrate court declined to change Child One's custody to the stepfather after determining it had no authority to do so since the stepfather was neither a biological nor legal parent of Child One. *Id*. The stepfather appealed, and the district court affirmed the magistrate court's decision. *Id*. Throughout this time, pursuant to a stay, both children were in the stepfather's sole physical custody. *Id*. The stepfather next appealed to this Court and argued for primary physical custody of Child One. *Id*.

On appeal, this Court articulated a framework to allow a non-parent (i.e., the stepfather) to overcome the presumption in favor of custody in a biological parent (i.e., the mother), and reach the "best interests" balancing test, upon a "clear, satisfactory, or convincing" showing that the parent had abandoned the child or was unfit; or that the child had been in the non-parent's custody "for an appreciable period of time." *Id*. at 300, 775 P.2d at 614. This Court applied this framework and reasoned that the stepfather had a "longstanding, substantial custodial and parental relationship" with Child One, and that he had "essentially had sole custody [of Child One] for the past two and one-half years." *Id*. From these facts, this Court concluded Child One had been in the stepfather's custody for an "appreciable period of time." *Id*. Accordingly, this Court remanded the case for the magistrate court to reach the "best interests" test to determine who should have custody of Child One. *Id*.

However, as explained in *Doe*, 162 Idaho at 257, 395 P.3d at 1290, the *Stockwell* framework did not create a stand-alone cause of action for custody of a child by a non-parent. A

cause of action for custody was only available to the stepfather in *Stockwell* because, in the underlying divorce, the mother averred that Child One was a child of the marriage. Indeed, nothing else would have made Child One a child of the marriage under Idaho Code section 32-717(1). Accordingly, the *Stockwell* framework is limited to the unique context in which it arose.

In this case, it is undisputed that, in the parties' underlying divorce, Hernandez did not stipulate or admit to Child being a child of the marriage for purposes of Idaho Code section 32-717(1). Moreover, it is undisputed that Glatte is not the biological father of Child, never adopted Child, and was not married to Hernandez when Child was conceived or born. At oral argument, Glatte even conceded that Child is not a child of the marriage under section 32-717(1). Thus, unlike the stepfather in *Stockwell*, Glatte does not have a key to the courthouse through section 32-717(1). Accordingly, we affirm the magistrate court's judgment that Glatte's petition for custody fails to state a claim upon which relief could be granted.

**B.      Hernandez is awarded costs on appeal as a matter of right, but not attorney fees.**

Both parties requested attorney fees on appeal. The only relevant authorities cited by the parties for fees on appeal are Idaho Appellate Rule 41 and Idaho Code section 12-121. In this appeal, Glatte is not the prevailing party. Thus, only Hernandez is eligible for fees and costs under Rule 41 and Idaho Code section 12-121

"Reasonable attorney's fees will only be awarded to the prevailing party under [section] 12-121 when the [C]ourt is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably and without foundation." *Stewart v. Stewart*, 143 Idaho 673, 681, 152 P.3d 544, 522 (2006) (alterations added) (quoting *Balderson v. Balderson*, 127 Idaho 48, 54, 896 P.2d 956, 962 (1995) (internal quotations omitted)). Fees under section 12-121 are not appropriate when the appeal raises a novel legal question. *McCann v. McCann*, 152 Idaho 809, 823, 275 P.3d 824, 838 (2012).

Here, although Hernandez is the prevailing party, Glatte's appeal is not unreasonable, frivolous, or without foundation. Glatte raised a novel legal question regarding the scope of *Stockwell* after *Doe* in the context of an underlying divorce. Glatte is correct that *Doe* did not address what this case now answers because the non-parent and biological parent in *Doe*, unlike Glatte and Hernandez, never married and divorced. Accordingly, Hernandez is not entitled to fees on appeal under Rule 41 and Idaho Code section 12-121.

That being said, we conclude Hernandez is entitled to costs on appeal as a matter of course. I.A.R. 40(a).

## IV.    CONCLUSION

For the reasons stated above, we affirm the magistrate court's judgment dismissing Glatte's petition for failure to state a claim upon which relief could be granted.

Chief Justice BEVAN, and Justices STEGNER, MOELLER, and ZAHN, CONCUR.