**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50422**

| | |
|---|---|
| TREVOR COBB, SR., | ) |
| | ) **Filed: May 12, 2023** |
|     **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TAMARA CARTER, fka TAMARA | ) **OPINION AND SHALL NOT** |
| COBB, | ) **BE CITED AS AUTHORITY** |
| | ) |
|     **Respondent.** | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Jeremy L. Pittard, Magistrate.

Order denying motions to disqualify for cause, <u>affirmed</u>.

Trevor Cobb, Sr., Gilbert, Arizona, pro se appellant.

Dockter & Hardwicke, Inc.; Jennifer Dockter, Rupert, for respondent.

_____

BRAILSFORD, Judge

Trevor Cobb, Sr., appeals from the magistrate court's order denying his motions to disqualify the court for cause. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Cobb, who resides in Arizona, petitioned the magistrate court to modify the parental custody of his three children who he shares with their mother, Tamara Carter. The court scheduled a trial on the matter for Monday, June 13, 2022. On the morning of the trial, at about 8:22 a.m., Cobb filed a motion to appear at the trial via video conferencing. In support, Cobb asserted he had recently traveled to Idaho; believed the court would grant his prior request for a continuance of the trial (which it did not); and would suffer "undue financial hardship" and prejudice by having to attend the trial in person.

1

Shortly after 9 a.m., the magistrate court addressed Cobb's absence on the record. The court noted that it had previously, on June 8, denied Cobb's motion for a continuance of the trial and that it had received an email from a third party the day before the trial indicating Cobb had been admitted to the hospital. The court took a recess to inquire further into Cobb's whereabouts and, thereafter, decided to proceed with the trial. In support of this decision, the court found proceeding with the trial was in the children's best interests for their "continuity" and "permanency." During the trial, Carter testified; numerous documents were admitted into evidence; and the court orally entered a temporary order governing the children's custody. On June 16, the court entered a written temporary order of custody.

Thereafter, Cobb moved for a new trial. After the magistrate court denied this motion, Cobb moved to disqualify the judge for cause under Rule 109 of the Idaho Rules of Family Law Procedure, alleging the judge was biased and prejudiced against Cobb. In support, Cobb cited various provisions of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165, and attested, among other things, that he was disabled; the judge was "fully aware" of Cobb's disabilities; and the judge had discriminated against Cobb because of his disability.

Unaware of Cobb's pending motion to disqualify, the magistrate court entered a judgment the following day, on August 24, modifying the children's custody, visitation, and support. On September 8, Cobb filed a memorandum of law in support of his motion to disqualify, citing authorities and listing his grievances against the judge. On September 28, Cobb filed a second motion to disqualify the judge for cause.

On November 30, the magistrate court entered an order denying Cobb's motions to disqualify and found "no evidence [the judge had] acted in a biased or prejudiced manner either for or against any party or the subject matter of [the] action." The same day, the court entered an amended judgment for the children's custody, visitation, and support. Thereafter, Cobb sought and obtained an order granting him permission under Idaho Appellate Rule 12.1 to appeal the amended judgment and the order denying his motions to disqualify the judge. The court granted Cobb's motion with respect to the latter order but denied his motion to appeal the amended final judgment.[1]

---

[1] Despite the magistrate court's denial of Cobb's request for permission to appeal the amended judgment, his notice of appeal states he is appealing that judgment. Additionally, Cobb includes in his statement of issues on appeal whether the court should have granted his motion for

Cobb timely appeals.

## II.

## STANDARD OF REVIEW

This Court reviews the denial of a motion to disqualify the magistrate court for cause under an abuse of discretion standard. *Idaho Dep't of Health & Welfare v. Doe (2016-27)*, 161 Idaho 660, 664, 389 P.3d 946, 950 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A.     Motion to Disqualify

Cobb asserts the magistrate court should have granted his motions to disqualify the judge for being biased against Cobb. In support, Cobb argues the judge discriminated against Cobb because of his disability in violation of the ADA when the judge "refused to honor [Cobb's] request for reasonable accommodation to continue the trial" "without any consideration of the [judge's] legal obligations to [Cobb] as a disabled litigant under the ADA." On appeal, Cobb identifies twenty-six issues for appeal, most of which reference the ADA and Idaho Court Administrative Rule 50.

A party may move to disqualify a judge from presiding over a family law matter on the grounds of bias. I.R.F.L.P. 109(b)(1)(D). In considering the denial of a motion to disqualify, the Idaho Supreme Court has ruled that judicial rulings alone almost never constitute a valid basis to assert a judge is biased or to challenge his partiality and can only, in the rarest circumstances, evidence the degree of favoritism or antagonism required for disqualification. *Doe (2016-27)*, 161 Idaho at 664, 389 P.3d at 950.[2] Further, a judge's decision that is formed based on facts or events

---

a new trial and "other motions for relief." Only the court's denial of Cobb's motions to disqualify, however, is properly on appeal.

[2]     The Idaho Supreme Court's decision in *Idaho Dep't of Health & Welfare v. Doe (2016-27)*, 161 Idaho 660, 664, 389 P.3d 946, 950 (2016), addressed a motion for disqualification for

occurring during the proceedings is not a basis for asserting bias unless the decision displays a deep-seated favoritism or antagonism making a fair judgment impossible. *Id.* Additionally, a judge's critical or disapproving remarks ordinarily do not support a claim of bias. *Id.* Rather, a judge may not be disqualified for prejudice unless the prejudice is directed at the party and of such a character and nature as to render it improbable the party would receive a fair and impartial trial. *Id.*

Cobb has failed to meet this high standard. Nothing in the record indicates the judge was biased or prejudiced against Cobb because of his alleged disability or otherwise. The judge did not show any degree of favoritism or antagonism and his remarks that he was "cynical" about Cobb's explanation for being absent from the trial are inadequate to support a claim of bias to disqualify the judge. Further, the court found that proceeding with the trial despite Cobb's absence was in the children's best interests, and he does not dispute this finding.

Moreover, neither I.C.A.R. 50 nor Title II of the ADA provide a basis to collaterally attack a court's orders. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Pursuant to federal regulations, the Idaho Supreme Court has adopted I.C.A.R. 50, which provides a method by which to request reasonable accommodations in Idaho courts and establishes a grievance procedure for any alleged disability discrimination. I.C.A.R. 50(e), (g); *see also* 28 Code of Federal Regulations § 35.107(a), (b) (requiring public entity employing more than fifty persons to designate compliance coordinator and grievance procedure). Although Title II generally protects the fundamental right of access to courts, *see Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004), Cobb fails to cite any authority for the proposition that he may collaterally attack the magistrate court's denial of his motion to disqualify the judge under either the ADA or I.C.A.R. 50. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (ruling party waives issue on appeal if argument or authority is lacking).

Finally, Cobb's appellate briefing fails to comply with the Idaho Appellate Rules. A pro se litigant is "not accorded special latitude," but rather the Court holds a pro se litigant to the same standards and rules as litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229,

cause under Idaho Rule of Civil Procedure 40, which is substantively identical to I.F.L.R.P. 109(b) providing for disqualification for cause in the family law context.

4

220 P.3d 580, 585 (2009). Idaho Appellate Rule 35 sets out the required contents of an appellant's brief and provides an appellant's brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). Cobb's appellate briefing fails to comply with this rule.

For example, Cobb fails to provide argument with respect to each of the twenty-six issues he identifies for appeal. Further, he fails to cite either any legal authorities or the appellate record in support of his thirty-one "assertions" that the judge discriminated against Cobb or otherwise was biased or prejudiced. "Because appellate courts will not search the appellate record for error, where an appellant fails to assert her assignments of error with particularity and to support her position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *State v. Byrum*, 167 Idaho 735, 740, 476 P.3d 402, 407 (Ct. App. 2020). Cobb also fails to identify the applicable standard of review. *Id.* (noting failure to "include or apply the correct standard of review" coupled with other failures may result in waiver). To the extent Cobb fails to provide cogent argument and citation to relevant legal authorities and to the appellate record in support of his issues and assertions, he waives them, including any argument the magistrate court failed to comply with I.C. § 32-717(2).

## B.    Attorney Fees

Carter is the prevailing party on appeal and requests an award of attorney fees under I.C. § 12-121. An award under this provision is appropriate if the nonprevailing party pursued, defended, or brought the appeal frivolously, unreasonably, or without foundation. *Clark v. Jones Gledhill Fuhrman Gourley, P.A.*, 163 Idaho 215, 230, 409 P.3d 795, 810 (2017). To receive an award of attorney fees under I.C. § 12-121, the entire appeal must have been pursued frivolously, unreasonably, and without foundation. *Shepherd v. Shepherd*, 161 Idaho 14, 21, 383 P.3d 693, 700 (2016). Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence, has failed to show that the trial court incorrectly applied well-established law, or has failed to provide authority or legal argument in support of the party's assertion. *Id.*

We conclude that Cobb brought this appeal frivolously, unreasonably, and without foundation. The entirety of his argument is based on his contention that the magistrate court violated the ADA. The ADA, however, does not provide a basis to attack the court's orders

5

collaterally.  Cobb fails to cite any authority to the contrary.  Further, as discussed above, Cobb fails to comply with I.A.R. 35, including by failing to provide argument for each of his "issues" on appeal, to cite the appellate record, and to apply the correct standard of review.  Accordingly, Carter is entitled to an award of attorney fees on appeal under I.C. § 12-121 and I.A.R. 41.  As the prevailing party, Carter is also entitled to an award of costs under I.A.R. 40(a).

## IV.

## CONCLUSION

We affirm the magistrate court's order denying Cobb's motions to disqualify the judge for cause and award Carter attorney fees and costs.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

6